UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL ONEIL RUFFIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00151-NT |
| | ) | |
| JOHN HINKLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Daniel Ruffin, an inmate presently incarcerated at the Maine State Prison, alleges Defendants discriminated against him based on his religion, race, and grievance activity, while he was incarcerated at the Knox County Jail.

Plaintiff's original complaint was the subject of a prior order that dismissed some, but not all, of the claims in Plaintiff's complaint. (Order Affirming and Adopting Recommended Decision, ECF No. 19; *see also* Recommended Decision After Screening Complaint, ECF No. 10.) Before the Court arranged for service of Plaintiff's complaint, Plaintiff filed motions to amend on June 8, 2017, and on June 15, 2017. (ECF Nos. 11, 13.) Plaintiff's original complaint, therefore, has not been served. The Court construed the two motions as one motion to amend and granted the motions "as a matter of course" pursuant to Fed. R. Civ. P. 15. (ECF Nos. 15, 16.)

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's amended complaint is subject to screening because he is "a prisoner seek[ing] redress from

1

a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

In its prior decision, the Court dismissed Plaintiff's claim related to the diet served to Plaintiff at the Knox County Jail and dismissed Plaintiff's due process claim regarding the prison grievance process. The Court authorized Plaintiff to proceed on the following claims: (1) a claim under the First Amendment and the Equal Protection Clause, based on allegations of disadvantageous treatment of Muslims as compared to Christians with respect to the availability of religious items and programming; and (2) a claim of discrimination in prison housing. (ECF No. 19.)

Through his amendments, Plaintiff introduces new allegations to support his claims that Defendants discriminated against him on the basis of religion and retaliated against him on the basis of grievance activity. He evidently also attempts to assert a claim based on his alleged lack of access to the courts.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## SUPPLEMENTAL ALLEGATIONS[1]

**A.  First Motion to Amend**

In the first motion to amend, Plaintiff repeated claims previously asserted in his complaint,[2] and he made the following additional assertions.

*1.  Access to court.*  According to Plaintiff, he should have been able to commence this litigation in January 2017, rather than in April 2017, but the complaint he attempted to file in January was not mailed by Defendants Hinkley and Norweg, allegedly because they were upset as the result of Plaintiff's grievance activity. (ECF No. 11 ¶¶ 7 – 8.)

*2.  Inadequate diet during Ramadan.*  According to Plaintiff, Defendant Sheaff violated Plaintiff's rights under the Eighth Amendment because, during the first week of Ramadan, Defendant Sheaff provided Plaintiff with only two meals per day, rather than three. Plaintiff also states that the two meals were "cold." (*Id.* ¶ 10.)  Plaintiff maintains the service of the meals in this way was an "on the spot" policy that Defendant Sheaff should have known was unconstitutional. (*Id.* ¶ 11.)  On one occasion, Plaintiff refused his morning meal. (*Id.* ¶ 13.)

**B.  Second Motion to Amend**

In his second motion to amend, Plaintiff repeated certain claims and included the following new allegations.

---

[1] The facts set forth herein are derived from the amendments set forth in Plaintiff's motions to amend.

[2] As to the claims the Court previously dismissed, Plaintiff has repeated the claim related to service of pork, but he has not alleged facts that would state an actionable claim.  Plaintiff's first motion to amend does not reassert the grievance-related due process claim.

***1.   Discriminatory / retaliatory transfer.***  According to Plaintiff, in June 2017, Defendant Hinkley arranged for Plaintiff's transfer from the Knox County Jail because Defendant Hinkley did not want to accommodate the religious practices of Muslim prisoners.[3]  (ECF No. 13 ¶¶ 9, 23.)  Defendants Heath and Palmer gathered Plaintiff's property for the transfer, but refused to give Plaintiff his religious items to take with him.

***2.   Inadequate diet during Ramadan.***  Plaintiff revised his allegations regarding the receipt of two meals per day.  Plaintiff asserted that he received two meals per day "for 3 1/2 days," not for an entire week.  (*Id.* ¶ 12.)

***3.   Retaliatory write up.***  Plaintiff has alleged that Defendant Heath wrote up Plaintiff for refusing an order issued by Defendant Palmer.  Plaintiff asserts the write up was intended as retaliation for his grievance activity, and that he never engaged in the misconduct for which he was charged.  (*Id.* ¶¶ 17 – 19.)  Plaintiff contends the charge was then cited as justification for the refusal to provide him housing in minimum security.

## DISCUSSION

In the prior recommended decision, the Court set forth the applicable standards for claims asserted under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA or Act), the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

Previously, the Court determined that Plaintiff is entitled to proceed on his claims regarding the denial of religious items and the denial of minimum security housing, but

---

[3] Evidently, Plaintiff was transferred to the Cumberland County Jail.

that his allegations concerning the service of pork did not state an actionable claim.[4] Based on that decision, Plaintiff can proceed on the claims asserted under the Fourteenth Amendment Equal Protection Clause, and under the Fourteenth Amendment Due Process Clause, which incorporates the rights guaranteed under the First Amendment. Additionally, the Court determined that Plaintiff has stated a viable claim under RLUIPA.

Through his amended pleadings, Plaintiff attempts to assert claims based on his lack of access to court, inadequate meals for three and one half days, discriminatory/retaliatory transfer, and a retaliatory write up.

**A.     Access to court**

Prisoners have a right under the United States Constitution to meaningful access to the courts. "The right of access is a discrete, constitutional right, derived from various constitutional sources [including] the due process clause, the privileges and immunities clause, and the First Amendment." *Simmons v. Dickhaut*, 804 F.2d 182, 183 (1st Cir. 1986) (per curiam) (citations omitted). In such cases, the "role of the courts [is] to provide relief to claimants, … who have suffered, or will imminently suffer, actual harm." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In other words, a court's responsibility is to address the claims in which prisoners allege the existence of conditions that have actually denied or will imminently deny "a reasonably adequate opportunity to present claimed violations of

---

[4] Plaintiff's amended pleadings repeat the allegations regarding the service of pork, but the pleadings do not materially modify the claim to overcome the deficiencies previously addressed. For that reason, there is no further discussion of the claim regarding the service of pork. The Court dismissed the due process claim related to the prison grievance process at the Knox County Jail. Plaintiff has not reasserted the due process claim.

6

fundamental constitutional rights to the courts." *Id.* at 351 (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). *See also Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004).

Even if Defendant Norweg intentionally caused a three-month delay in the filing of Plaintiff's complaint, insofar as Plaintiff has subsequently amended his complaint and has otherwise not alleged facts to suggest he has been prejudiced by the alleged delay, Plaintiff has not asserted an actionable access to court claim.

**B.     Adequacy of meals**

Plaintiff's claim regarding the adequacy of the meals he received for three and one-half days is assessed under the Eighth Amendment Cruel and Unusual Punishments Clause. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life, may not offend the Constitution if they are imposed only temporarily." *Cookish v. Commissioner, N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992).

The First Circuit Court of Appeals has affirmed the dismissal of an Eighth Amendment claim based on the denial of five meals, not in succession, observing that "occasionally missing a meal is entirely consistent with the realities of modern life." *Barnett v. Commissioner*, 187 F.3d 621, 1999 WL 529458, at *2 (1st Cir. June 17, 1999) (unpublished table opinion).

> As explained by the Western District of New York:
>
> The Eighth Amendment "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and wellbeing of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983). "While no court has held that denial of food is a per se violation of a prisoner's Eighth Amendment rights, under certain circumstances a substantial deprivation ... may well be recognized as being of constitutional dimension." *Id.* (citations omitted). A substantial deprivation of food is one that is sufficient to create a serious danger to the inmate's health. *See*, *e.g.*, *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 213 (N.D.N.Y. 2001) (denying summary judgment of Eighth Amendment claim alleging deprivation of two of three meals per day for eight days); and *Moss v. Ward*, 450 F. Supp. 591, 596 – 97 (W.D.N.Y. 1978) (holding denial of all food for four days as punishment for breaking a prison disciplinary rule violated Eighth Amendment). Significantly, courts within the Second Circuit have consistently held the deprivation of two meals is de minimus and, thus, insufficient to establish a substantial deprivation creating a serious danger to an inmate's health so as to support an Eighth Amendment claim. *See*, *e.g.*, *Benjamin v. Kooi*, 2010 WL 985844, at * 11 (N.D.N.Y. Feb. 25, 2010) (missing two or three meals did not "deprive [plaintiff] of the minimal measures of necessities required for civilized living"), report and recommendation adopted, 2010 WL 985823 (N.D.N.Y. Mar. 17, 2010); *Waring v. Meachum*, 175 F. Supp. 2d 230, 240 – 41 (D. Conn. 2001) (holding no Eighth Amendment violation where inmates missed one or two meals in absence of any indication that future meals were also missed).

*Jean-Laurent v. Los*, No. 1:12-CV-00132, 2015 WL 1015383, at *9 (W.D.N.Y. Mar. 9, 2015), appeal dismissed (July 6, 2015). The Seventh Circuit analyzed the issue similarly:

> In some circumstances, a prisoner's claim that he was denied food may satisfy the objective element but, as the Seventh Circuit has held, the denial of food is not a per se violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first Farmer prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), app. after remand, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned ... of sufficient food to maintain normal health.").

*Hall v. Sutton*, No. 3:11-CV-00446, 2012 WL 407244, at *5 (S.D. Ill. Feb. 8, 2012) (concluding that providing two meals totaling 1000 calories per day for an entire month met the objectively serious prong of the Farmer standard).

Here, Plaintiff has alleged he received two meals each day instead of three over the course of three and one-half days. One day, he refused a morning meal. Plaintiff's allegations do not describe denial of the minimal civilized measure of life's necessities. *See, e.g., Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("Even on a regular, permanent basis, two meals a day may be adequate [under the Eighth Amendment]."); *White v. Gregory*, 1 F.3d 267 (4th Cir. 1993) (providing prisoners two meals a day on weekends and holidays, even though three meals were served during the week, did not rise to the level of an Eighth Amendment violation); *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (one meal per day for fifteen consecutive days did not violate the Eighth Amendment

9

where the one meal provided sufficient nutrition to sustain normal health for that time period). Plaintiff thus has not asserted an actionable Eighth Amendment claim.

**C.     Discrimination / Retaliation**

Plaintiff's remaining amended allegations involve the transfer of Plaintiff to another facility, allegedly to avoid the need to accommodate Islamic religious practice and/or to retaliate against grievance activity, and a retaliatory false write up. The transfer-related allegations essentially provide further factual support of Plaintiff's First Amendment, Equal Protection, and RLUIPA claims, and the write-up related allegations similarly support Plaintiff's First Amendment claim. The supplemental allegations, therefore, can be incorporated into the claims on which the Court previously authorized Plaintiff to proceed.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's claims regarding access to the courts and the denial of adequate meals. If the Court accepts the recommendation, service on Defendants Warren Heath, Dennis Palmer, John Hinkley, Cynthia Gardner, and Timothy McFarland would be appropriate.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2017.